IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GABRIEL F. NAGY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 09-3995 |
| | : | |
| HARRIS M. DE WESE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

YOHN, J.                                                                April __, 2010

     In this action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, and state law, plaintiff, Gabriel F. Nagy, seeks to recover

the assets of the Compass Capital Partners Ltd. Defined Benefit Retirement Plan (the "Plan"),

which plaintiff contends were stolen by defendant Harris M. DeWese, the Plan Administrator,

and/or defendant Compass Capital Partners, Ltd. ("Compass"), the Plan Sponsor.  Plaintiff, a

participant in the Plan, sues DeWese, Compass, and Morgan Stanley Smith Barney LLC ("Smith

Barney")—which allegedly facilitated DeWese's and/or Compass's theft—for breach of fiduciary

duties owed under ERISA.  Plaintiff also asserts a claim for "unjust enrichment" against DeWese

and Compass and a claim for "breach of state law fiduciary duty" against Smith Barney.

     All three defendants have filed motions pursuant to Federal Rule of Civil Procedure

12(b)(6) or 12(c), seeking dismissal of what they perceive as the two state law claims against

them on the ground that such claims are preempted by ERISA.  Because plaintiff has clarified

that his unjust enrichment claim against DeWese and Compass is not a state law claim but a

claim for equitable relief under ERISA, I conclude that the Rule 12(c) motion filed jointly by those defendants is moot. I further conclude that to the extent that plaintiff's state law breach of fiduciary duty claim seeks to recover for breach of fiduciary duties owed to the Plan's participants, the claim is preempted by ERISA. To the extent that the claim seeks to recover for breach of fiduciary duties owed to the Plan, however, I cannot conclude, at this stage of the proceedings, that the claim is preempted. I will therefore grant in part and deny in part Smith Barney's motion, and will dismiss as moot the motion filed by DeWese and Compass.[1]

## I.    Factual Background

Plaintiff filed this civil action in September 2009 and, by consent of the parties, filed a first amended complaint in November 2009. The following factual recitation is based on the allegations of the first amended complaint.

Plaintiff, the former Chief Operating Officer and a former director of Compass, served as Plan Administrator from the time the Plan became effective in January 1998 until February 2003, when DeWese replaced him in that role. (1st Am. Compl. ¶¶ 9-10, 12, 19.) After taking over as Plan Administrator, DeWese transferred the funds of the Plan to Legg Mason Wood Walker, Inc., where Bish, who was also DeWese's personal financial advisor and stockbroker, provided investment advice for compensation and, with DeWese, "exercised control in the administration

---

[1] Plaintiff also sued a fourth defendant, former Smith Barney employee John Jason Bish, for breach of fiduciary duties allegedly owed under ERISA and state law. Bish, having answered plaintiff's amended complaint, filed a motion for judgment on the pleadings as to the state law count, incorporating the arguments in favor of dismissal of the count made by Smith Barney. (*See* Bish Rule 12(c) Mem. 2.) Plaintiff subsequently dismissed this action against Bish with the consent of all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Accordingly, because Bish is no longer a party to this action, the court will dismiss as moot his Rule 12(c) motion.

or management of the Plan and disposition of the Plan's assets." (*Id.* ¶¶ 13-14.) Smith Barney later acquired Legg Mason's brokerage business, and Citigroup Global Markets Inc. thereafter acquired Smith Barney, continuing to do business in the name "Smith Barney." (*Id.* ¶¶ 15-16.) Bish was employed by both successors and, through both changes in ownership, continued to render advice to and manage the assets of the Plan. (*Id.*) At some point prior to November 2007, DeWese, acting as the Plan Administrator, "directed Bish and Smith Barney to send all of the Plan's assets to [himself] and or Compass Capital Partners." (*Id.* ¶ 30.) Bish and Smith Barney, "acting as fiduciaries to the Plan," did so "[w]ithout any investigation, and with knowledge that both DeWese and Compass Capital Partners were in financial difficulty, and without notice to the Plan participants."[2] (*Id.* ¶¶ 17, 31.)

Following his retirement from Compass in November 2003, plaintiff, one of five beneficiaries of the Plan, received regular monthly pension payments under the Plan from February 2005 until November 2007.[3] (*Id.* ¶¶ 19-20, 23-24.) The payments thereafter became irregular, prompting plaintiff to complain to DeWese, and the payments ceased altogether after July 2008, when DeWese allegedly admitted to plaintiff "that he had taken all of the funds out of the Plan and that the Plan was 'broke', and that the recent prior payments to [plaintiff] had been made from funds that DeWese personally paid into the Plan's Smith Barney account for payment

---

[2] At some point after Bish and Smith Barney transferred the funds of the Plan to DeWese and/or Compass Capital Partners, Citigroup Global Markets Inc. became Morgan Stanley Smith Barney LLC, the named defendant herein. (*See id.* ¶¶ 17-18.) Bish ceased to be a Smith Barney employee around this time. (*Id.* ¶ 18.)

[3] Plaintiff alleges that the Plan was "frozen" in January 2003, at which time it was "fully funded to meet all of its vested pension obligations to the Plan's participants." (*Id.* ¶ 11.) Plaintiff also alleges that the Plan was fully funded as of December 2004. (*Id.* ¶ 21.)

to [plaintiff]." (*Id.* ¶¶ 24-27, 29.)

Based on these factual allegations, plaintiff asserts claims against all defendants for breach of ERISA fiduciary duties (*id.*, Count I); against DeWese and Compass for "unjust enrichment" (*id.*, Count II); and against Smith Barney for breach of state law fiduciary duty (*id.*, Count III).

Smith Barney has now filed a motion to dismiss plaintiff's breach of state law fiduciary duty claim (Count III) pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that that claim is preempted by ERISA. Defendants DeWese and Compass, having answered both the original and the amended complaints, have filed a joint motion pursuant to Rule 12(c), seeking judgment on the pleadings as to plaintiff's unjust enrichment claim (Count II) on the ground that ERISA preempts that claim as well.

## II.    **Legal Standards**

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations "that are 'merely consistent with' a defendant's liability," or that permit the court to infer no more than "the mere possibility of misconduct" are not enough. *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 557). Rather, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* at 1949. In evaluating a motion to dismiss, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also*

*Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Where, as here, a Rule 12(c) motion challenges the plaintiff's failure to state a claim upon which relief can be granted, the court evaluates the motion under the same standard as a motion to dismiss pursuant to Rule 12(b)(6).  *Foreman v. Lowe*, 261 F. App'x 401, 403 n.1 (3d Cir. 2008); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

## III.  Discussion

### A.  Count II: Unjust Enrichment

For his unjust enrichment claim, plaintiff alleges that "DeWese and Compass Capital Partners have been unjustly enriched by their receipt of the funds of the Plan to which they had no right or interest."  (1st Am. Compl. ¶ 38.)  Plaintiff demands that "judgment be entered in favor of the plaintiff and for the benefit of the Plan and its participants and against DeWese and Compass Capital Partners jointly and severally for their unjust enrichment by receipt of the Plan's assets, together with interest, costs and attorney fees pursuant to 29 U.S.C. § 1132(g)."  (*Id.*, Count II, Wherefore cl.)  Plaintiff also demands that these defendants "be ordered to pay restitution to the plaintiff and the Plan."  (*Id.*)

DeWese and Compass have moved for judgment on the pleadings as to this claim, arguing that it is preempted by ERISA.  (DeWese/Compass Rule 12(c) Mem. 3-5.)  Plaintiff contends that defendants' Rule 12(c) motion is premature as the pleadings in this case "are not yet closed."  (Pl.'s Opp'n to DeWese/Compass Rule 12(c) Mot. 5.)  Although there is some

support for this position in the case law,[4] the court need not decide whether the Rule 12(c) motion is in fact premature as plaintiff has clarified, in his opposition to the motion, that Count II is a claim for equitable relief under ERISA's civil enforcement provision, not state law[5]:

> The remedy that [plaintiff] seeks here is equitable relief available to him under ERISA. One of the expressed remedies available to a plan's participants is "appropriate equitable relief" under ERISA, 29 U.S.C. § 1132(a)(3)(B), to make the beneficiaries whole. As this case pertains to DeWese and Compass, equitable relief is being sought from them as named ERISA fiduciaries, to prevent their unjust enrichment. Count II for unjust enrichment only seeks equitable relief expressly permitted by ERISA . . . .

(Pl.'s Opp'n to DeWese/Compass Rule 12(c) Mot. 6; *see also id.* at 2 n.2 ("[I]n [plaintiff's] response to Smith Barney's Rule 12(b)(6) motion and Bish's Rule 12(c) motion, [plaintiff] improperly described Count II as a state law claim. However, Count II is more properly characterized as a demand for equitable relief under 29 U.S.C. § 1132(a)(3).").)[6] Because

---

[4] The Third Circuit has not addressed the issue; however, a number of district courts in this and other circuits have held that the pleadings are not closed in a multi-defendant case until all defendants have answered the complaint. *See, e.g.*, *United States ex rel. Barlett v. Tyrone Hosp., Inc.*, No. 3:2004-57, 2009 WL 1010479, at *1 (W.D. Pa. Apr. 14, 2009) (construing defendant's Rule 12(c) motion as a motion to dismiss pursuant to Rule 12(b)(6) where "not all of the other defendants ha[d] filed answers to the Second Amended Complaint and therefore, the pleadings [were] not closed so that a Rule 12(c) motion [could] be made"); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 840 (N.D. Ohio 2009) ("If a case has multiple defendants, all defendants must file an answer before a Rule 12(c) motion can be filed."); *Watson v. County of Santa Clara*, No. 06-04029, 2007 WL 2043852, at *1-2 (N.D. Cal. July 12, 2007) (denying Rule 12(c) motion as premature where not all defendants had answered plaintiff's second amended complaint).

[5] Defendants' original interpretation of Count II as a state law unjust enrichment claim from the contents of the complaint is understandable. However, now that plaintiff has further explained his claim, defendants have not filed a reply brief contesting plaintiff's characterization of the claim as an ERISA claim.

[6] The portion of the civil enforcement provision cited by plaintiff provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain

plaintiff has clarified that Count II is an ERISA claim, not a common law claim, there is no

preemption issue. *See* 29 U.S.C. § 1144(a) (providing that ERISA "shall supersede any and all

*State* laws insofar as they may now or hereafter relate to any employee benefit plan described in

section 1003(a) of this title" (emphasis added)). Accordingly, the court will dismiss as moot the

Rule 12(c) motion filed by DeWese and Compass.

### B.    Count III: Breach of State Law Fiduciary Duty

For his breach of state law fiduciary duty claim, plaintiff alleges that Smith Barney owed

fiduciary duties to the Plan and its participants under Pennsylvania law and that it breached these

duties by directing and paying the funds of the Plan to DeWese and/or Compass without

investigating the proposed use of the funds and without ascertaining whether the funds were

being diverted to DeWese and/or Compass, or "with actual knowledge that the transfer . . . was a

prohibited transfer pursuant to 29 U.S.C. § 1106." (*See* 1st Am. Compl. ¶¶ 40-41.) Plaintiff

seeks to recover the Plan assets that were lost due to Smith Barney's fiduciary breaches "for the

benefit of the Plan and its participants." (*Id.* ¶ 42 & Count III, Wherefore cl.)

Smith Barney argues that ERISA preempts this claim because it "relates to" an "employee

benefit plan" within the meaning of ERISA's preemption provision, 29 U.S.C. § 1144(a)

("§ 514(a)"). (*See* Smith Barney Rule 12(b)(6) Mem. 6-7.)

### 1.    ERISA's Preemption Provision

Section 514(a) of ERISA provides that the statute preempts, with certain exceptions not

applicable here, "any and all State laws insofar as they may now or hereafter relate to any

---

other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of
this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

employee benefit plan" covered by ERISA.[7]  29 U.S.C. § 1144(a).  Interpreting the phrase "relate to," the Supreme Court has remarked that "Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause 'applicable only to state laws relating to the specific subjects covered by ERISA.'" *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983)).  A law "relates to" an employee benefit plan, within the meaning of § 514(a), "if it has a connection with or reference to such a plan."  *Shaw*, 463 U.S. at 96-97.  Thus, "a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect."  *Ingersoll Rand Co.*, 498 U.S. at 483.

Although ERISA's preemption provision is "deliberately expansive," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987), not every state law that has an effect on an employee benefit plan is preempted.  *See, e.g.*, *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833 (1988) (ERISA does not preempt "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" even though such suits "obviously affect[] and involv[e] ERISA plans and their trustees").  Rather, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."  *Shaw*, 463 U.S. at 100 n.21.

Acknowledging that the "relates to" standard is often unhelpful in deciding whether a particular state law is preempted, the Supreme Court has recognized a need to "go beyond the

---

[7] Smith Barney does not contest that the Plan is an "employee benefit plan" covered by ERISA.

unhelpful text [of ERISA's preemption provision] and the frustrating difficulty of defining its key term, and [to] look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995). The Supreme Court has characterized the objectives of ERISA's preemption provision as follows:

> [I]n passing § 514(a), Congress intended
>
> "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . . , [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction."
>
> . . . The basic thrust of the pre-emption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.

*Travelers*, 514 U.S. at 656-57 (second alteration in original) (quoting *Ingersoll-Rand*, 498 U.S. at 142).

> ### 2. Preemption of Plaintiff's Breach of State Law Fiduciary Duty Claim
>
> #### a. Breach of State Law Fiduciary Duty as an Alternative Theory of Liability, in the Event that Smith Barney Is Not an ERISA Fiduciary

In his opposition, plaintiff does not dispute that his state law breach of fiduciary duty claim would be preempted if Smith Barney is found to be an ERISA fiduciary.[8, 9] Rather,

---

[8] Although plaintiff does not expressly concede the point, it is clear that ERISA would preempt this claim if Smith Barney is an ERISA fiduciary because, in that event, the claim would conflict directly with an ERISA cause of action. ERISA provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). ERISA also

plaintiff asserts that his state law claim "is simply an alternative pleading to support recovery if . . . Smith Barney . . . is [not] an ERISA fiduciary."  (Pl.'s Opp'n to Smith Barney Rule 12(b)(6) Mot. 5.)  If Smith Barney is not an ERISA fiduciary, plaintiff argues, then the fact that the stolen assets plaintiff seeks to recover are Plan funds is "happenstance" and not enough to render the claim one that "relates to" an ERISA plan within the meaning of § 514(a).  (*See id.* at 5-6, 9-10.)

Plaintiff relies on *Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Securities, Inc.*, 93 F.3d 1171, 1185 (3d Cir. 1996), in which the Third Circuit found potential merit to the sort of alternative pleading argument plaintiff advances here.  *Glaziers* involved various employee benefit funds that had lost money when their "investment consultant" stole more than $500,000 in fund assets and wasted an additional $2 million.  *See id.* at 1175-77. During the period when he was advising the funds, the investment consultant had moved from one employer to another, and the funds (and their assets) had followed him.  *Id.* at 1176-77. After the consultant's fraud was uncovered, the funds, together with two individual fund

---

provides a cause of action to redress such breaches by an ERISA fiduciary.  Under the statute's civil enforcement provision, "[a] civil action may be brought . . . by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." *Id.* § 1132(a)(2).  The civil enforcement provision further provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title."  *Id.* § 1132(e)(1).  In *Ingersoll-Rand Co.*, the Supreme Court, noting that "Congress intended § 502(a) [29 U.S.C. § 1132(a)] to be the exclusive remedy for rights guaranteed under ERISA," held that ERISA preempted a Texas cause of action that "purport[ed] to provide a remedy for the violation of a right expressly guaranteed by § 510 and exclusively enforced by § 502(a)."  498 U.S. at 485-86.  If Smith Barney is an ERISA fiduciary, the same would be true here, as plaintiff would be seeking a state law remedy for the violation of a right "expressly guaranteed" by 29 U.S.C. § 1109(a) and "exclusively enforced by § 502(a)."

[9] Smith Barney would moot this particular issue if, in its answer to the amended complaint, it conceded that it is an ERISA fiduciary.

fiduciaries, sued the consultant's former employer, a securities broker-dealer, alleging that the

employer had breached its fiduciary duties to the funds under ERISA as well as under state and

federal common law by failing to disclose the circumstances surrounding the consultant's

departure from the firm.[10]  *Id.* at 1174-75, 1177.  The district court granted summary judgment in

favor of the defendant on all claims.  *Id.* at 1178.  As to the plaintiffs' ERISA claim, the court did

not decide whether the defendant was in fact an ERISA fiduciary, but instead concluded that

even if it was, it did not have the duty to disclose alleged by plaintiffs.  *Id.*  As to the state law

breach of fiduciary duty claim, the court held that any such claim was preempted by ERISA.[11]  *Id.*

On appeal, the Third Circuit reversed as to both claims.  The appellate court held that if

on remand the defendant was found to be an ERISA fiduciary, it would have had a duty to

disclose to the funds "any material information which it knew, and which the Funds did not

know, but needed to know for [their] protection."  *Id.* at 1182.  The court went on to hold that

whether this duty to disclose would have extended to the information at issue was "a factual

question to be determined by the fact finder."  *Id.*  As to the state law claim, the court found merit

to the funds' argument that if the defendant ultimately was determined not to be an ERISA

---

[10] Although the parties disputed the precise circumstances of the departure, the defendant
had reported to the National Association of Securities Dealers its suspicion that the consultant
had tried to cover up a late payment on a personal investment by altering the date on the payment
(a check) to make it appear timely, as well as the basis for that suspicion.  *Id.* at 1176.  The
plaintiffs alleged that had they known about the consultant's conduct, they would not have
transferred their accounts to his new firm and would not have incurred the losses they sustained
there.  *Id.* at 1178.

[11] The district court also granted summary judgment for the defendant as to the federal
common law claim, concluding that "the regulatory scheme of ERISA left no room for the
application of federal common law."  *Id.*  The Third Circuit affirmed the grant of summary
judgment as to this claim.  *Id.* at 1184.

fiduciary, then there would be "room to argue that any fiduciary duty [the defendant] may have had toward the Funds arises under state law and does not 'relate to', but only 'affects and involves' an ERISA plan." *Id.* at 1185. Although the court noted that "[i]t may very well be that even in the event that [the broker-dealer] is not an ERISA fiduciary, the state law claim may relate to an ERISA plan and be preempted," it also recognized the possibility that "the Funds may successfully argue that there is a fiduciary duty which arises between a client and a stockbroker and that the duty was breached by [the broker-dealer's] failure to disclose." *Id.*

Smith Barney argues that plaintiff's alternative pleading approach is improper because whether it is an ERISA fiduciary or not is irrelevant to whether plaintiff's state law claim "relates to" the Plan. (*See* Smith Barney Reply 1-3.) Smith Barney contends that *Glaziers* supports its position, asserting that "the Third Circuit recognized in *Glaziers* that the preemption analysis is not dependent upon whether the defendant is an ERISA fiduciary." (*Id.* at 3.) In making this argument, Smith Barney relies on the court's observation in *Glaziers* that "'even in the event that [Defendant] is not an ERISA fiduciary, the state law claim may relate to an ERISA plan and be preempted.'" (*Id.* (quoting *Glaziers*, 93 F.3d at 1185) (alteration in original).) However, as noted, the court also recognized that if the defendant were found not to be an ERISA fiduciary, there still would be "room to argue that any fiduciary duty [the defendant] may have had toward the Funds arises under state law and does not 'relate to', but only 'affects and involves' an ERISA plan. That is, the state law claim may not relate to the administration of an employee benefit plan at all." *Glaziers*, 93 F.3d at 1185. Thus, contrary to defendants' assertion, *Glaziers* recognized that, at least in some instances, ERISA fiduciary status may affect whether a claim is

preempted.[12]

Smith Barney also cites several cases in which state law claims, including claims for breach of fiduciary duty, by plan beneficiaries or participants against non-ERISA fiduciaries were held to be preempted, even though ERISA provided no remedy, or only a limited remedy, against the non-ERISA fiduciary defendant.  (*See* Smith Barney Reply 2-3.)  These cases stand for the proposition that where a state law claim against a non-ERISA fiduciary "relates to" an employee benefit plan, the lack of an ERISA remedy does not affect the preemption analysis.[13]  They do not hold that the defendant's fiduciary status under ERISA is never relevant to whether a state law claim "relates to" an employee benefit plan.

---

[12] In an unpublished opinion, the Third Circuit recently rejected the contention that "a court must *always* consider fiduciary status in determining whether ERISA preemption applies." *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 08-4152, 2009 WL 4367311, at *2 (3d Cir. Dec. 3, 2009) (emphasis added).  However, the court noted that courts in other ERISA preemption cases have considered fiduciary status when "such an analysis was required by the specific facts of those cases." *Id.*

[13] *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 418-19 (4th Cir. 1993) (ERISA health plan beneficiary's state law claims against nonfiduciary plan administrator and underwriter "amount[ed] to a demand for past and future health care benefits from an ERISA plan" and thus "related to" an employee benefit plan within the meaning of ERISA's preemption provision; plaintiff's "generalized contention that there should be some form of action available against nonfiduciaries [was] insufficient to overcome the specific language of the statute which provides for preemption of any claim that relates to an employee benefit plan"); *Consolidated Beef Indus., Inc. v. N.Y. Life Ins. Co.*, 949 F.2d 960, 964 (8th Cir. 1991) (state law claims by plan sponsor against nonfiduciary service provider—which claims "ar[o]se directly from the administration of the plan"—were preempted; "Congress intended pre-emption to apply even where no ERISA fiduciary remedy existed"); *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 417-18 (9th Cir. 1990) (state law claims by ERISA disability plan beneficiary against nonfiduciary plan administrator challenging the handling and disposition of beneficiary's claim for disability benefits were "directly connected with the Plan" and were therefore preempted, notwithstanding the lack of a damages remedy against nonfiduciaries under ERISA).

**b.** **Does Plaintiff's Breach of State Law Fiduciary Duty Claim "Relate to" the Plan, If Smith Barney Is Determined Not to Be an ERISA Fiduciary?**

In *Glaziers*, having determined that it could not "either prevent the Funds from trying to show that [their] state law claim [was] not preempted or hold as a matter of law that the state law claim [was] preempted," the Third Circuit instructed that, on remand, the district court should resolve the preemption issue "after it makes a finding on [the defendant's] status as a fiduciary under ERISA." 93 F.3d at 1185-86. Plaintiff argues that, as in *Glaziers*, his state law breach of fiduciary duty claim should not be dismissed as preempted at this stage of the case. (Pl.'s Opp'n to Smith Barney Rule 12(b)(6) Mot. 11.) To the extent that plaintiff seeks to recover for breach of fiduciary duties allegedly owed *to the Plan*, the court agrees.

Although some courts have held that ERISA preempts all state law breach of fiduciary duty claims, even when such claims are asserted against defendants that are not ERISA fiduciaries, *see, e.g.*, *Smith v. Provident Bank*, 170 F.3d 609, 613, 616 (6th Cir. 1999),[14] the Third Circuit has not, *see Glaziers*, 93 F.3d at 1185 (suggesting that "*if* [defendant] is not found to be an ERISA fiduciary, there is still room to argue that any fiduciary duty [defendant] may have had toward the [plaintiff ERISA plans] arises under state law and does not 'relate to', but only 'affects and involves' an ERISA plan" (emphasis added)).

---

[14] In *Smith*, another case cited by Smith Barney (*see* Smith Barney Reply 2), the Sixth Circuit held that ERISA preempted state law breach of fiduciary duty claims brought by two ERISA pension plans and a plan participant against, among others, a brokerage company that mishandled a stock purchase for the participant's account. 170 F.3d at 613, 616. The court held that the claims were preempted regardless of whether the brokerage company met ERISA's definition of a fiduciary, reasoning that "[i]n enacting ERISA and broadly preempting state law, Congress intended to standardize the administration of employee benefit plans, including the duties and liabilities of fiduciaries." *Id.* at 613.

Smith Barney argues that plaintiff's breach of state law fiduciary duty claim "relates to" the Plan regardless of whether it is an ERISA fiduciary because the claim "is entirely dependent on the Plan and Smith Barney's alleged duties in connection therewith." (Smith Barney Rule 12(b)(6) Mem. 7; *see also* Smith Barney Reply 1 ("Because the assets allegedly stolen here are ERISA pension funds and Plaintiff's fiduciary duty claim arises solely out of the Plan, Plaintiff's state law claim necessarily relates to an ERISA plan and is therefore preempted.") In evaluating this argument, the court is guided by the Supreme Court's decision in *Ingersoll-Rand Co. v. McClendon*, *supra*, and by the Third Circuit's recent decision in *Kollman v. Hewitt Associates, LLC*, 487 F.3d 139 (3d Cir. 2007).

In *Ingersoll-Rand Co.*, the Supreme Court considered whether ERISA preempted an employee's state law wrongful discharge claim alleging that his employer had terminated him in order to avoid making contributions to his pension fund. The Court "ha[d] no difficulty in concluding that the cause of action . . . 'relate[d] to' an ERISA-covered plan within the meaning of § 514(a), and [was] therefore pre-empted":

> The Texas cause of action makes specific reference to, and indeed is premised on, the existence of a pension plan. In the words of the Texas court, the cause of action "allows recovery when the plaintiff proves that the principal reason for his termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." Thus, in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment. Because the court's inquiry must be directed to the plan, this judicially created cause of action "relate[s] to" an ERISA plan.

498 U.S. at 140 (citation omitted) (alteration in block quote in original). The Court also noted that its conclusion was consistent with the preemption provision's goal of "ensur[ing] that plans and plan sponsors would be subject to a uniform body of benefits law" by eliminating the

possibility that state courts would develop different substantive standards applicable to the same employer conduct. *Id.* at 142.[15]

Applying the analysis in *Ingersoll-Rand*, the Third Circuit held in *Kollman* that ERISA preempted a state law malpractice claim by a pension plan participant against a non-ERISA fiduciary that performed day-to-day plan administration. 487 F.3d at 150. The plaintiff in *Kollman* alleged that the defendant committed malpractice by providing him with an incorrect statement of the amount of lump sum pension to which he would be entitled if he were to retire, both on the website the defendant maintained for plan participants and by telephone. *Id.* at 140-41. The defendant's estimate failed to reduce the plaintiff's lump sum pension by the amount due to his former wife pursuant to a Qualified Domestic Relations Order ("QDRO"), even though the website made it seem as though the lump sum figure had been adjusted for the QDRO. *Id.* at 141. Plaintiff alleged that he elected to retire and take a severance benefit package offered by his employer based on the defendant's incorrect representation. *Id.*

Noting that the plaintiff's malpractice claim went "to the essence of the function of an ERISA plan—the calculation and payment of the benefit due to a plan participant"—the Third Circuit held that the claim was "plainly preempted" as its adjudication would require a court to consider the Plan in detail. *Id.* at 150. The Third Circuit cited with approval the district court's conclusion that

> [i]n order to determine whether [the calculation] error constituted malpractice, [the] Court would necessarily need to consult the Plan to determine such issues as whether the calculation was in error, whether the Plan includes provisions regarding the representations of Lump Sum Payout amounts made on the Website

---

[15] The Court also held that the state law wrongful discharge action was preempted for the independent reason that it conflicted directly with an ERISA cause of action. *Id.* at 142-45.

or by [defendant's] customer service personnel, and whether the Plan includes
provisions regarding representations of Lump Sum Payout amounts before claims
for benefits are actually submitted.

*Id.* (first, second, and third alterations in original) (citation omitted).  The court also noted that

this conclusion was consistent with the purpose of § 514(a) to ensure that plans and plan

sponsors would be subject to a uniform body of benefits law.[16]  *See id.* at 148.

Significantly, however, the Third Circuit distinguished the plaintiff's state law

malpractice claim from such claims brought by or on behalf of ERISA plans against non-ERISA

fiduciaries, which are not generally preempted.  *See id.* at 148-50 (citing *Painters of Phila. Dist.*

*Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1153 n.7 (3d Cir. 1989)

("ERISA does not generally preempt state professional malpractice actions.")).[17]  The court

---

[16] The court recognized that in *Ingersoll-Rand*, the Supreme Court described the purpose
of § 514(a) in terms of the burdens that complying with conflicting state law would impose on
plans and plan sponsors.  *See Kollman*, 487 F.3d at 148.  However, the court found these
considerations "equally applicable to agents of employers, such as [defendant], who undertake
and perform administrative duties for and on behalf of ERISA plans."  *Id.*

[17] As the court recognized in *Kollman*, a number of other circuits have held that ERISA
does not preempt state law malpractice claims brought by or on behalf of ERISA plans against
nonfiduciary service providers.  *See Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 323-30 (2d Cir.
2003) (ERISA did not preempt state law professional negligence claim against nonfiduciary plan
actuary); *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996) (ERISA did not preempt state
law legal malpractice claim against plan attorney, who was held not to be an ERISA fiduciary);
*Airparts Co., Inc. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1065-67 (10th Cir.
1994) (ERISA did not preempt state law professional negligence claim by ERISA plan trustees
against nonfiduciary service provider).  Likewise, a number of circuits have held that ERISA
does not preempt other state law claims brought against non-fiduciary service providers in
connection with professional services rendered to an ERISA plan.  *See Ariz. State Carpenters*
*Pension Trust Fund v. Citibank, (Ariz.)*, 125 F.3d 715, 722-24 (9th Cir. 1997) (ERISA did not
preempt pension funds' state law claims for breach of contract, breach of common law duties,
negligence, and fraud against bank, a nonfiduciary, that served as a depository and custodial
agent for funds); *Airparts Co.*, 28 F.3d at 1065-67 (ERISA did not preempt state law implied
indemnity and fraud claims by ERISA plan trustees against nonfiduciary service provider).

explained that unlike the plaintiff's claim, "professional malpractice actions 'brought by a plan' . . . are unlikely to interfere with plan administration." *Id.* at 148 (citation omitted). Moreover, allowing such claims to proceed is consistent with the purpose of § 514(a) because they "'do not implicate the essential functions of an employee benefit plan, such as funding, benefits, reporting, and administration . . . .'" *Id.* at 149 (citation omitted). Thus, a claim by an ERISA plan or trustee that a non-ERISA fiduciary was negligent does not "relate to" an employee benefit plan, even though the nonfiduciary's negligence may have adversely affected the plan. *Id.*

Although the plaintiff in this case, like the plaintiff in *Kollman*, is a participant in the Plan, unlike Kollman, he brings his state law breach of fiduciary duty claim "for the benefit of the Plan," alleging that Smith Barney breached fiduciary duties owed "to the Plan" as well as to its participants. (1st Am. Compl. ¶¶ 40-41 & Count III, Wherefore cl.) If Smith Barney is determined not to be a fiduciary under ERISA, then to the extent that the claim alleges breach of fiduciary duties owed to the Plan, it may well be that the claim is analogous to a state law malpractice claim brought on behalf of an ERISA plan against a non-ERISA fiduciary and therefore should be treated accordingly for preemption purposes. Like a claim by a plan "that an agent negligently acted in some way causing injury to the plan," plaintiff's claim here—that Smith Barney breached fiduciary duties owed to the Plan under state law, causing the loss of the Plan's assets—may not "implicate the funding, benefits, reporting or administration of [the Plan]" and thus may not "undermine the congressional policies that underlie ERISA." *See Kollman*, 487 F.3d at 149; *see also Ariz. State Carpenters Pension Trust Fund*, 125 F.3d at 722-24 (treating ERISA plans' state law claims for breach of fiduciary duty and negligence against plans' depository and custodial agent, a non-ERISA fiduciary, alike for purposes of ERISA

preemption and holding both claims not preempted).[18]

Smith Barney argues that plaintiff's state law breach of fiduciary duty claim relates to the Plan because the claim is "framed exclusively in terms of the ERISA Plan at issue" and seeks the same relief as plaintiff's ERISA claim—"namely, restoration of the Plan's funds." (Smith Barney Rule 12(b)(6) Mem. at 6-7.) The same could be said of a professional malpractice claim brought on behalf of an ERISA plan against a service provider. Such claims are also based on the breach of a duty owed to the ERISA plan under state law and seek to recover for harm caused by the breach,[19] which harm may include the loss of plan assets.[20] Yet, as the Third Circuit has

---

[18] In *Arizona State Carpenters*, several pension funds and their trustees sued the bank that served as the funds' depository and custodial agent based on the bank's failure to notify the trustees of defaults on payments for investments made by the funds' investment managers. *See id.* at 717-19. The plaintiffs asserted claims under ERISA and state law, including claims for breach of common law fiduciary obligations and negligence. *Id.* at 719. The district court determined that the bank was not a fiduciary under ERISA and went on to conclude that ERISA preempted all of the plaintiffs' state law claims. *Id.* at 718. On appeal, the Ninth Circuit agreed that the bank was not an ERISA fiduciary but reversed as to ERISA's preemption of the state law claims. *Id.* at 721-24. In concluding that the state law claims were not preempted, the court observed that the claims fell outside the three areas the Supreme Court has recognized as areas in which ERISA was intended to preempt state law, *i.e.*, (1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws providing alternative enforcement mechanisms for employees to obtain ERISA plan benefits. *Id.* at 723. The court also noted that the claims "ar[o]se from state law doctrines of general application; did not depend on ERISA; and—once the funds' characterization of the bank as an ERISA fiduciary was stripped away—did not affect relations among the principal ERISA entities. *Id.* at 724.

[19] *See French v. Commonwealth Assocs., Inc.*, 980 A.2d 623, 630-31 (Pa. Super. Ct. 2009) (under Pennsylvania law, to prevail in a professional negligence action, the plaintiff must establish that the defendant owed the plaintiff a duty, that the defendant breached the duty, that the plaintiff suffered actual harm, and that a causal relationship existed between the breach of duty and the harm).

[20] *See Gerosa*, 329 F.3d at 319-20 (professional negligence claim against plan actuary alleging that actuary's negligence caused plan to become "dangerously underfunded" and seeking to recover from actuary "the anticipated shortfall between the Plan's liabilities and its assets").

recognized, professional malpractice claims by a plan are not generally preempted when the defendant is a nonfiduciary.  *See Kollman*, 487 F.3d at 148-49.

Smith Barney also argues that the state law breach of fiduciary duty claim relates to the Plan because it "explicitly references ERISA when describing the alleged common law breach of fiduciary duty" (Smith Barney Rule 12(b)(6) Mot. 7), alleging that the defendant breached its fiduciary duties to the Plan and its participants by, among other things, paying the funds of the Plan to DeWese and/or Compass "with actual knowledge that the transfer . . . was a prohibited transfer pursuant to 29 U.S.C. § 1106" (1st Am. Compl. ¶ 41).  Here, too, courts have rejected similar arguments in the malpractice context, holding that the fact that resolution of an otherwise non-preempted state law malpractice claim may require some interpretation of ERISA does not cause the claim to be preempted.  *See Gerosa*, 329 F.3d at 328-29 (rejecting argument that professional negligence claim against plan actuary was preempted because resolution of such disputes would "necessarily involve the interpretation and application by various state courts of ERISA's actuarial standards"); *Custer*, 89 F.3d at 1167-68 (rejecting argument that legal malpractice claim against plan attorney was preempted because claim "depend[ed] upon proof that [the attorney] negligently provided inaccurate legal advice concerning ERISA's fiduciary standards").  The same should be true here.

As in *Glaziers*, the court cannot conclude at this stage that plaintiff's state law breach of fiduciary duty claim against Smith Barney is preempted, to the extent that the claim alleges breach of duties owed to the Plan.[21]  Accordingly, to the extent that the claim seeks to recover for

---

[21] Smith Barney cites a series of cases decided after *Glaziers* in which courts in this district have concluded that ERISA preempted certain state law breach of fiduciary duty claims (Smith Barney Reply 4 n.1), but those decisions do not persuade the court that plaintiff's claim

breach of duties owed to the Plan, Smith Barney's motion to dismiss will be denied.

To the extent that plaintiff alleges that Smith Barney breached fiduciary duties owed under state law to the Plan's participants, however, the claim is preempted. In arguing that Smith Barney owes a fiduciary duty to the Plan's participants under Pennsylvania law, plaintiff relies on cases addressing bank liability for improper disbursements from fiduciary accounts. (*See* Pl.'s Opp'n to Smith Barney Rule 12(b)(6) Mot. 6.) In *Jairett v. First Montauk Securities Corp.*, 153 F. Supp. 2d 562 (E.D. Pa. 2001), for example, the court considered a breach of fiduciary duty claim brought by a group of investors against a bank in which funds belonging to the investors had been deposited by their broker. The plaintiffs alleged that the bank had made disbursements from the account without proper authorization and asserted various state law claims against the bank, including a claim for breach of fiduciary duty. *Id.* at 564-66. The bank moved to dismiss the breach of fiduciary duty claim, arguing that because the plaintiffs did not hold an account

---

for breach of state law fiduciary duties owed to the Plan is preempted. In two of those cases, the plaintiffs conceded that ERISA preempted any state law breach of fiduciary duty claims. *See Laborers' Dist. Council of the Metro. Area of Phila. & Vicinity v. Bd. of Trustees of Laborers' Indus. Pension Fund of Phila.*, No. 08-00244, 2008 WL 2332230, at *4 (E.D. Pa. June 5, 2008); *La Fata v. Raytheon Co.*, 223 F. Supp. 2d 668, 676 (E.D. Pa. 2002). Another of defendants' cases, *Kineg ex rel. Springer v. Hartford Life & Accident Ins. Co.*, No. 05-00359, 2005 WL 1060660 (E.D. Pa. May 4, 2005), involved claims by a beneficiary of an ERISA plan challenging the denial of plan benefits, an area that the Supreme Court has held "undoubtedly meet[s] the criteria for pre-emption under § 514(a)," *Pilot Life Ins. Co.*, 481 U.S. at 48 (addressing common law claims alleging improper processing of a claim for benefits under an employee benefit plan). A fourth case cited by defendants involved claims by a pension plan participant against the plan's financial service providers, and the plaintiff in that case did not make the sort of alternative pleading argument that plaintiff makes here. *See Abrams v. Dean Witter Reynolds Inc.*, No. 98-3988, 1999 WL 130612 (E.D. Pa. Mar. 11, 1999). Indeed, only one of the cases cited by defendants involved a claim on behalf of an ERISA plan against a service provider (a bank) that was determined not to be an ERISA fiduciary, and in that case, the court held without analysis that ERISA preempted the state law breach of fiduciary duty claim. *See Olivet Boys' & Girls' Club of Reading v. Wachovia Bank, N.A.*, No. 08-4702, 2009 WL 1911049, at *4 (E.D. Pa. July 1, 2009).

with the bank, no fiduciary duty existed, and the court disagreed.  *Id.* at 569.  The court

recognized that under Pennsylvania law, "a bank holding fiduciary funds is liable for honoring

checks contrary to the instructions of an account" *if* the bank is "aware that the account contains

money belonging to a third party."  *Id.* at 567.  Finding that the complaint sufficiently alleged that

the funds were fiduciary funds (based on the fact that the account holder was acting as a broker)

and that the bank was aware of the fiduciary nature of the funds in the account, the court allowed

the breach of fiduciary duty claim to go forward.  *Id.* at 568-69.

Thus, under plaintiff's own theory, whether Smith Barney owes a fiduciary duty to the

Plan's participants depends on whether it knew that the funds it held were for the benefit of the

participants.  In this case, the Plan is what supplies the necessary link.  Unlike plaintiff's

allegations that Smith Barney breached fiduciary duties owed to the Plan, which involve duties

owed under state law by virtue of the Plan's status as Smith Barney's customer,[22] and not as an

ERISA plan, the allegations that Smith Barney breached fiduciary duties owed to the Plan's

participants depend on the existence of, and Smith Barney's knowledge of, the Plan.  Because the

existence of the Plan and Smith Barney's knowledge of the Plan are essential elements of the

state law breach of fiduciary duty claim to the extent that the claim alleges breach of duties owed

to the Plan's participants, that claim is preempted.  *See Ingersoll-Rand Co.*, 498 U.S. at 140.

---

[22] As Smith Barney notes, although a stockbroker owes certain fiduciary obligations to his
customer under Pennsylvania law, Smith Barney's customer in this case was the Plan, not the
participants.  (*See* Smith Barney Reply 4 (quoting *Merrill Lynch, Pierce, Fenner & Smith v.
Perelle*, 514 A.2d 552, 560 (Pa. Super. Ct. 1986) ("The relationship between a broker and his
customer is one of principal and agent by virtue of which the broker is subject to certain fiduciary
obligations to his client.")).)

**IV.     Conclusion**

In light of plaintiff's clarification that his unjust enrichment claim seeks relief under ERISA, and not state law, the Rule 12(c) motion filed by defendants DeWese and Compass is moot, and the court will dismiss it as such.  As to plaintiff's state law breach of fiduciary duty claim against Smith Barney, at this stage, the court concludes that ERISA preempts only a portion of the claim.  To the extent that the claim seeks to recover for Smith Barney's breach of fiduciary duties owed to the Plan's participants, the claim is preempted.  To the extent that the claim seeks to recover for Smith Barney's breach of fiduciary duties owed to the Plan, however, the claim may not be preempted if Smith Barney is determined not to be an ERISA fiduciary.  Accordingly, the court will grant in part and deny in part Smith Barney's Rule 12(b)(6) motion.  An appropriate order accompanies this memorandum.